UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-3983-JAK-MAAx | Date | May 21, 2026 |
| Title | Tara Siener v. Christopher Myers, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DENTONS' US LLP'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CHRISTOPHER MYERS (DKT. 57)**

## I. Introduction

On February 16, 2024, Tara Siener ("Plaintiff") brought this action against Christopher Myers ("Defendant") and Does 1-10 in the Los Angeles Superior Court. Dkt. 1-1 at 2–78. On May 13, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(b), and the action was removed. Dkt. 1-1.

On August 6, 2024, an Order issued approving the parties' stipulation to stay this action pending the sale of the real property at issue here. Dkt. 17. Defendant subsequently filed a Bankruptcy Petition in the U.S. Bankruptcy Court for the Northern District of Oklahoma; Plaintiff is included in the master list of creditors submitted by Defendant. *See* Chapter 7 Voluntary Petition at 20, In re Myers, No. 25-11944 (Bankr. N.D. Okla. Dec. 29, 2025) ("Bankruptcy Action"). On January 9, 2026, it was determined that the action was automatically stayed pursuant to 11 U.S.C. § 362(a). Dkt. 52.

On May 1, 2026, Dentons US LLP ("Dentons") filed a Motion to Withdraw as Counsel for Defendant. Dkt. 57 ("Motion"). The Motion is not opposed by Plaintiff or Defendant. *See* Dkts. 60, 62.

Pursuant to L.R. 7-15, it has been determined that the Motion can be decided without a hearing, and the June 1, 2026 hearing is taken off calendar. For the reasons stated in this Order, the Motion is **GRANTED**.

## II. Analysis

### A. Legal Standards

L.R. 83-2.3.2 provides:

> An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The Motion for leave to withdraw

> must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause.

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Hershey v. Berkeley*, No. 07-CV-689, 2008 WL 4723610, at *1 (C.D. Cal. Oct. 24, 2008) (quoting *Kassab v. San Diego Police Dep't,* No. 07-CV-1071, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008)); *see Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982) ("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion."). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

B. Application

Dentons' attorneys Blake L. Osborn and Margret Lavin Flodeen are attorneys of record for Defendant and seek to withdraw from representing him.[1] In support of the Motion, Osborn declares that an actual conflict of interest has arisen between counsel and Defendant because Dentons is a creditor in the Bankruptcy Action. Osborn Decl., Dkt. 57-1 ¶¶ 3, 9. Osborn further declares that Defendant, while represented by independent counsel, commenced the Bankruptcy Action without Dentons' prior knowledge and that counsel only became aware of that Action upon being served notice as a potential creditor in the action. *Id.* ¶ 4. Osborn then states that Dentons' position as a creditor creates a financial interest adverse to Defendant such that continued representation would materially limit the ability of current counsel to satisfy its duties of loyalty and confidentiality. *Id.* ¶ 9. In addition, Osborn declares that Defendant has failed to pay an outstanding balance for legal services performed in this and other matters in breach of his attorney-client agreement with Dentons and that Defendant has not provided any reason to believe that he is willing or able to pay any outstanding or future fees. *See id.* ¶ 13.

Defendant was served by email with the Motion on May 3, 2025, which was followed up by personal service on Defendant on May 4, 2026. Dkt. 61. Defendant has not filed an opposition to the Motion; according to Defendants' counsel, "Myers . . . indicated he would not oppose" the Motion. Dkt. 62 at 2. Defendants' counsel has also represented that it is "informed that" Defendant currently intends to proceed as a self-represented litigant during the pendency of the bankruptcy stay, although he may retain new counsel in the future. *Id.* At a May 4, 2026 hearing, Plaintiff's counsel represented that Plaintiff did not oppose the Motion. Dkt. 60.

Under 1.7(b) of the California Rules of Professional Conduct, a lawyer shall not represent a client if there is a significant risk that the lawyer's representation will be materially limited by the lawyer's own interests. Cal. R. Prof. Conduct 1.7(b). An actual conflict of interest under Rule 1.7(b) is nonwaivable if the lawyer does not reasonably believe that the lawyer will be able to provide competent and diligent representation notwithstanding the conflict. Cal. R. Prof. Conduct 1.7(d)(1). Rule 1.16(a)(2) provides that a lawyer shall withdraw from representation if the lawyer knows or reasonably should know that the representation will result in violation of the California Rules of Professional Conduct or of the State Bar

[1] Kimberly Gene Allen Dennis is also an attorney of record for Defendant. However, Dennis does not appear on Defendant's counsel pleadings and appears to no longer be employed by Dentons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-3983-JAK-MAAx | Date | May 21, 2026 |
| Title | Tara Siener v. Christopher Myers, et al. | | |

Act. Cal. R. Prof. Conduct 1.16(a)(2). Further, Rule 1.16(b)(5) permits withdrawal where "the client breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation," after reasonable warning that counsel will withdraw absent compliance. Cal. R. Prof. Conduct 1.16(b)(5).

Dentons' continued representation of Defendant presents a significant risk of material limitation due to its status as a creditor in the Bankruptcy Action. Thus, Defendants' counsel has an actual conflict of interest under Rule 1.7(b) of the California Rules of Professional Conduct because its interests as a bankruptcy creditor are adverse to those of Defendant. *See People v. Gonzales & Soliz*, 52 Cal. 4th 254, 309 (2011) ("A conflict may also arise when an attorney's loyalty to, or efforts on behalf of, a client are threatened by the attorney's own interests."). Because continued representation would violate the California Rules of Professional Conduct, withdrawal is required under Rule 1.16(a)(2). In addition, Defendant has failed to satisfy his financial obligations to Dentons despite reasonable notice, which constitutes a material breach of his attorney-client agreement. This breach independently supports permissive withdrawal under Rule 1.16(b)(5). Accordingly, there is good cause to permit Dentons to withdraw as counsel. *See Cal Fresco, LLC v. Nutrition Corp., Inc.*, No. 23-CV-970, 2025 WL 1235139, at *2–3 (C.D. Cal. Apr. 18, 2025) (withdrawal was warranted where the client failed to pay attorney's fees and counsel's status as a creditor in the client's bankruptcy proceedings created an actual conflict of interest).

There is no showing or inference that granting the Motion will cause prejudice to other litigants, hinder the administration of justice, or delay the resolution of the case. The Motion is also unopposed by Plaintiff and Defendant. Accordingly, Dentons has satisfied the procedural requirements of Local Rule 83-2.3 and demonstrated good cause for withdrawal as counsel of record for Defendant in this action.

## III. Conclusion

For the reasons stated in this Order, the Motion is **GRANTED**. Blake L. Osborn and Margret Lavin Flodeen are permitted to withdraw as counsel of record for Defendant. Kimberly Gene Allen Dennis, who was previously identified as counsel from Dentons, shall also be terminated as counsel of record for Defendant.

**IT IS SO ORDERED.**

:

Initials of Preparer LC3